**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

              Case No.  07-31186

MICHAEL RAY ROGERS
KATHY JO ROGERS

      Debtors


**MEMORANDUM ON OBJECTIONS
TO CLAIMS FILED BY
<u>ECAST SETTLEMENT CORPORATION</u>**


**APPEARANCES:**  ALAN C. LEE, ESQ.
        Post Office Box 1357
        Morristown, Tennessee  37816-1357
        Attorney for Debtors

        BECKET & LEE, LLP
         Natalie M. McGhee, Esq.
         Post Office Box 3001
         Malvern, Pennsylvania  19355
        STONE & HINDS, P.C.
         Steven D. Lipsey, Esq.
         507 Gay Street, S.W.
         Suite 700
         Knoxville, Tennessee  37902
         Attorneys for eCast Settlement Corporation


**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court on the Debtors' objections filed on November 12, 2007, to the allowance of five (5) nonpriority unsecured claims filed by eCast Settlement Corporation as follows: (1) Objection to Claim Filed By eCast Settlement Corporation in the Amount of $1,066.19; (2) Objection to Claim Filed By eCast Settlement Corporation in the Amount of $525.82; (3) Objection to Claim Filed By eCast Settlement Corporation in the Amount of $1,658.59; (4) Objection to Claim Filed By eCast Settlement Corporation in the Amount of $2,908.79; and (5) Objection to Claim Filed By eCast Settlement Corporation in the Amount of $639.99, (collectively Objections to Claims). The Response of eCast Settlement Corporation to Debtors' Objections to Claim Numbers 9 Through 13 (Response) was filed by eCAST Settlement Corporation (eCAST) on December 11, 2007.

An evidentiary hearing on the Objections to Claims was held on April 9, 2008. The record before the court consists of the Stipulation of Undisputed Facts filed by the parties on February 4, 2008, and fifteen exhibits stipulated into evidence. The court also takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of two advisory opinions issued by the Tennessee Attorney General attached to the Debtors' Memorandum of Law in Support of Objections to Claims 9-13 filed on April 2, 2008.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(B) (2008).

# I

The Debtors filed the Voluntary Petition commencing their case under Chapter 13 of the Bankruptcy Code on April 11, 2007. HSBC Bank Nevada NA/HSBC Card Services III and HSBC

2

Bank, NA/Direct Merchants Credit Card Bank, NA (collectively HSBC) filed the following general unsecured claims in the Debtors' case on July 13, 2007: (1) claim number 9 in the amount of $1,066.19; (2) claim number 10 in the amount of $525.82; (3) claim number 12 in the amount of $2,908.79; and (4) claim number 13 in the amount of $639.99. *See* Ex. 1; Ex. 2; Ex. 4; Ex. 5. On August 23, 2007, eCAST filed transfers of claim with respect to claims number 9, 10, and 13, and with respect to claim number 12 on September 12, 2007. *See* Ex. 9; Ex. 10; Ex. 11; Ex. 12. Additionally, on July 13, 2007, eCAST filed claim number 11 in the amount of $1,658.59. *See* Ex. 3. Each of these five claims is based upon credit card charges incurred by the Debtors.

The Debtors filed the Objections to Claims on November 12, 2007, arguing that all five claims should be disallowed based upon the following: (1) eCAST is not licensed to do business in the State of Tennessee as a collection service; (2) eCAST has not provided documentation evidencing that the assignment of the claim was voluntary, properly executed, and acknowledged; (3) eCAST has not provided a copy of the original agreement between the original creditors and the Debtors to show that the original agreement allowed assignments of the debts alleged to be owed; and (4) eCAST has not provided a copy of the assignment(s) between the original creditor, successive parties, and eCAST to show the effective date of the assignment and the consideration paid or given.

In its Response filed on December 11, 2007, eCAST acknowledged that it does not hold a valid collection service license but maintains that it is not required to have such a license under Tennessee law. In addition, eCAST provided the Debtors with copies of the following documents in further support of its position: (1) an Assignment of Accounts from Citibank for claim number

3

11; (2) an assignment of accounts from HSBC for claim numbers 9, 10, 12, and 13; (3) a letter dated April 13, 2001, from the Law Firm of Kirkpatrick & Lockhart, LLC, to the Administrative Director for the Tennessee Department of Commerce and Insurance requesting a determination that eCAST was not required to obtain a collection service license for its activities as outlined therein; and (4) a return letter dated April 29, 2001, from the Department of Commerce and Insurance to Kirkpatrick & Lockhart, LLP, advising that eCast was not subject to Tennessee's collection services licensing requirements.[1]  *See* Ex. 7; Ex. 8; Ex. 13; Ex. 14.

As set forth in the Joint Statement of All Issues to Be Resolved By the Court filed by the parties on January 14, 2008, the issues the court is called upon to resolve are as follows:

1. Whether the purchasing of accounts, bills, notes, etc. that are in default and are due, subjects a purchaser, who is buying the debts for the purpose of collection, to the Collection Service Act, Tenn. Code Ann. § 62-20-101, *et seq.*, including the requirement that the purchaser be licensed as a collection service pursuant to Tenn. Code Ann. § 62-20-105?

2. Whether a claim filed in a bankruptcy case by a "Person", defined in Tenn. Code Ann. § 62-20-102(8), who has failed to comply with Tennessee state law requirements for the collection of debts in Tennessee and does not hold a valid collection service license, should be disallowed in its entirety in accordance with 11 U.S.C. § 502(b)(1) as unenforceable against the debtor under applicable state law?

---

[1] Also attached to the Response but not stipulated into evidence as an exhibit was a letter dated November 29, 2007, from eCAST's attorneys to the Debtors' attorney, providing this documentation and setting forth its position.

## II

"A proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f). Furthermore, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a) (2005); *see also* FED. R. BANKR. P. 3007 (setting forth the procedure for objections to claims). The objecting party then bears the burden of "presenting evidence to rebut or cast doubt upon, the creditor's proof of claim . . . [and] produc[ing] evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency[,] . . . [at which point], the burden reverts to the claimant to provide the validity of the claim . . . by a preponderance of the evidence." *In re Cleveland*, 349 B.R. 522, 527 (Bankr. E.D. Tenn. 2006) (quoting *In re Giordano*, 234 B.R. 645, 650 (Bankr. E.D. Pa. 1999)).

Validity of a proof of claim stems from the status of a party as a creditor of the debtor. Creditor is defined by the Bankruptcy Code as "[an] entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A) (2005). The Bankruptcy Code defines "debt" as a "liability on a claim." 11 U.S.C. § 101(12) (2005). Claim is defined as follows:

> (A) [the] right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) [the] right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured[.]

11 U.S.C. § 101(5) (2005). eCAST falls within the scope of creditor, having been assigned and/or having purchased the individual claims from the Debtors' original pre-petition creditors.

The Debtors' argument, as defined by the issues before the court, is based solely upon the fact that eCAST does not hold a licence pursuant to the Tennessee Collection Service Act, which states that "[n]o person shall commence, conduct, or operate any collection services business in this state unless such person holds a valid collection service license issued by the board under this chapter[.]" TENN. CODE ANN. § 62-20-105 (1997). In support of their argument, the Debtors rely upon the following relevant statutory definitions:

> As used in this chapter, unless the context otherwise requires:
>
> (1) "Board" means the Tennessee collection services board;
>
> (2) "Client" means any person who retains the services of a collection service, and for such services directly provides a fee, commission or other compensation;
>
> (3) "Collection service" means any person who, directly or indirectly, for a fee, commission, or other compensation, offers to a client or prospective client the service of collecting, or purchasing for collection, accounts, bills, notes or other indebtedness due such client for various debtors. "Collection service" includes, but is not limited to:
>
> . . . .
>
> > (D) Any person who engages in the solicitation of claims in this state for purchase or collection.
>
> (4) "Collection service license" means a license granted to a collection service;
>
> . . . .
>
> (8) "Person" means an individual, firm, corporation, association or other legal entity; and

>    (9) "Solicitor" means any individual who is employed by, or under contract with, a collection service to solicit accounts or sell collection service forms or systems on its behalf.

TENN. CODE ANN. § 62-20-102 (1997).

eCAST opposes the Debtors' Objections to Claims, arguing that it falls within the following statutory exemptions:

>    (a) The provisions of this chapter do not apply to:
>
>    (1) Any person handling claims, accounts or collections under order of any court; [or]
>
>    . . . .
>
>    (3) Any person engaged in the collection of indebtedness incurred in the normal course of business, or the business of a parent, subsidiary, or affiliated firm or corporation; however, no person who is or represents such person to be a collection service is exempt from this chapter.
>
>    (b) Nothing contained within this chapter shall be construed to require an individual or business entity, which collects only the individual's or its own unpaid accounts, to submit to licensure or regulation by the collection service board.

TENN. CODE ANN. § 62-20-103 (1997). In further support of its contention that it is not required to be licensed, eCAST relies upon a letter dated April 19, 2001, to its attorneys from the State of Tennessee Department of Commerce and Insurance, Collection Service Board, written in response to a letter from eCast's attorneys to the Board dated April 13, 2001, outlining eCAST's contemplated activities and seeking guidance as to whether a license would be required.[2] *See* EX. 13; EX. 14. The Board's April 19, 2001 letter in response states as follows:

---

[2] In the April 13, 2001 letter to the Collection Service Board, eCAST's activities are described as investing in distressed consumer debt acquired without recourse from various creditors by acquiring consumer credit accounts where debtors have filed for bankruptcy and becoming the actual owners of the respective accounts, and in connection therewith, filing proofs of claim in the various bankruptcy proceedings, but engaging in no direct collections from the consumer debtors. EX.13.

7

> Your letter of April 13, 2001 was reviewed by the Tennessee Collection Service Board Chairman on April 18, 2001. The Board Chairman determined, that in the event that "the Company" has no clients and is not soliciting accounts in Tennessee, "the Company" is not subject to the jurisdiction of the Board and therefore, will not need to be licensed in Tennessee.

Ex. 14.

"The cardinal rule of statutory construction is to effectuate legislative intent, with all rules of construction being [aids] to that end." *Browder v. Morris*, 975 S.W.2d 308, 311 (Tenn. 1998); *see also Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995) ("The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope."). Based not only upon the wording of the statute, but more importantly, its interpretation by the Collection Service Board on April 19, 2001, specifically with respect to eCAST, wherein the Board determined that eCAST was not required to be licensed as a collection service, the court finds that there has been no violation of the Act, and accordingly, no basis upon which to disallow eCAST's proofs of claim.

The Debtors rely upon two advisory opinions issued by the Attorney General for the State of Tennessee. The first, No. 97-131, responds to the question of "Whether the purchasing of accounts, notes, bills, etc., subjects the purchaser to the Collective Service Act . . . , including the requirement that the purchaser be licensed as a collection service pursuant to Tenn. Code Ann. § 62-20-105." *Tenn. Op. Atty. Gen. No. 97-131*, 1997 WL 654201 (Tenn. A.G. Sept. 23, 1997). In this opinion, the attorney general states the following:

> If the accounts have matured at or before the time of purchase, they will be "due." Consequently, it is presumed that the purchaser is buying the accounts for the purpose of collection, and the purchaser will be required to obtain a collection service

8

> license. Conversely, if the accounts have not reached maturity by the time of purchase, they are not due. Because such a purchaser is not buying notes that are due, its activities will not fall within the definition of collection service and no collection service license will be required.

*Tenn. Op. Atty. Gen. No. 97-131*, 1997 WL 654201, at *1. The opinion states that an entity falls within the definition of collection service "if it offers to clients or prospective clients the 'service of collecting' accounts, bills, notes, etc., due to the client 'for a fee, commission, or other compensation,'" applying to entities that acted as agents, as well as to entities "which *purchase*[] due accounts and then attempt[] to collect on those accounts[.]" *Tenn. Op. Atty. Gen. No. 97-131*, 1997 WL 654201, at *2 (emphasis in original). Finally, the opinion states that none of the statutory exemptions apply and that the exemption for collecting of an entity's own accounts applies only to the entity's own original accounts. *Tenn. Op. Atty. Gen. No. 97-131*, 1997 WL 654201, at *3.

The second opinion, No. 99-224, responds to the question "whether a private person or entity collecting judgments purchased from and/or assigned by judgment creditors is exempted from collection service licensure requirements by T.C.A. § 62-20-103(a)." *Tenn. Op. Atty. Gen. No. 99-224*, 1999 WL 1327573 (Tenn. A.G. Dec. 1, 1999). In this opinion, the Attorney General deduced that such entities or individuals would not be exempted and would be required to obtain a license, finding that "a person who has chosen to purchase judgments for collection is not handling collections under order of any court within the meaning of T.C.A. § 62-20-103(a)(1)." *Tenn. Op. Atty. Gen. No. 99-224*, 1999 WL 1327573, at *2. The opinion states that "the exemptions of the Act are carefully drawn so as to cover only those handling their own accounts, attorneys, and persons handling claims under order of a court. A collection service specializing in the collection of

purchased judgments does not fall within any of those exemptions." *Tenn. Op. Atty. Gen. No. 99-224*, 1999 WL 1327573, at *2.

While instructive, these advisory opinions are simply that – advisory – and are not binding upon the court. *See Air Brake Sys., Inc. v. Mineta*, 357 F.3d 632, 648 (6th Cir. 2004). What carries more weight is the subsequent determination on April 19, 2001, by the Collection Service Board as the governing body for application and implementation of the statutory requirements of § 62-20-101, *et seq.*, that eCAST was not required to be licensed by the State of Tennessee to carry on the activities described in its April 13, 2001 letter and under which it now operates. eCAST rightfully relied upon the April 19, 2001 determination of the Collection Service Board and may continue to do so absent a later determination by the Board reversing its earlier decision that a license is not required. Accordingly, the assignments of the underlying debts owed to Citibank and HSBC now entitle eCAST to pursue those claims in the Debtors' bankruptcy case.

The court finds that eCAST is the proper party to pursue claim numbers 9, 10, 11, 12, and 13 in the Debtors' bankruptcy case based upon the assignments and transfers filed therein. The Debtors' Objections to Claims will accordingly be overruled.

An order consistent with this Memorandum will be entered.

FILED:  April 25, 2008

>BY THE COURT
>
>*/s/  RICHARD STAIR, JR.*
>
>RICHARD STAIR, JR.
>UNITED STATES BANKRUPTCY JUDGE